## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Carroll J. Ertel et al.

v.

Mountain Home Builders, Inc.

November 19, 1992

Case No. C92–779

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, homeowners seek several sorts of relief with respect to an arbitration award that resulted from disputes between the homeowners and their builder.

*Facts*

By contract dated August 12, 1991, the builder ("Mountain Home Builders") agreed to construct a log house, the exterior of which was a "kit" manufactured by Heritage Log Homes, on a lot owned by the homeowners ("the Ertels"), and the Ertels agreed to pay $87,096.00 for the work. Article 5, paragraph 10, of the contract required that all disputes be resolved "by binding arbitration."

Disputes arose during construction. The parties submitted the controversy to an arbitrator under the auspices of the American Arbitration Association. The arbitrator made an award on August 6, 1992. Upon request of counsel, the arbitrator clarified the terms of the award on August 14, 1992.

The Ertels filed this suit on September 30, 1992, labelling it a "motion in chancery for confirmation of an arbitration award and for declaratory judgment." Mountain Home Builders responded with a motion to dismiss and demurrer; a motion to vacate a portion of the arbitration award; and a motion to confirm the arbitration award.

## Decision

In their pleadings, the Ertels ask for the following relief: (1) that the award be confirmed; (2) that the court "interpret" the award; (3) that judgment be awarded against Mountain Home Builders for interest incurred on their construction loan since September 5, 1992; (4) that a similar judgment be entered for costs incurred by the Ertels in hiring an independent architect "as an intermediary" between the parties; and (5) an award of attorney's fees and costs associated with this proceeding.

### A. Interpretation of the Award

The Ertels do not specify in their pleading which part of the arbitration award needs interpretation or clarification. The arbitrator clarified his award a week after he made it, and there is no indication that he has not or would not in the future make further clarifications if requested by one or both of the parties.

Under the Uniform Arbitration Act, adopted in Virginia (Virginia Code § 8.01–581.01 et seq.), the court exercises ultimate supervision and control over the arbitration process in three ways.

First, if the award is in proper order, the court will confirm the award and enter judgment or decree in conformity with it. Virginia Code § 8.01–581.09 and § 8.01–581.012.

Second, if there are *minor* problems with the award, the court may modify the award or correct the problems. The instances in which the court may act in such fashion are set forth in the Act. First, the court can correct obvious miscalculations of figures or evident mistakes in the description of a person, place or thing. Second, the court can modify an award to excise matters not submitted to the arbitrator if the modification does not affect the merits of the decision upon the issues submitted to arbitration. Third, the court can correct "matters of form" not affecting the substance, or merits, of the controversy. After making such modifications or corrections, the court then confirms the award as modified or corrected. Virginia Code § 8.01–58.011.

Finally, if there are *major* problems with the award, it may be vacated. The Act lists five grounds upon which a court can vacate an arbitration award. An award may be vacated (1) if procured by fraud or corruption; (2) if the arbitrator was not unbiased, there was evident partiality, or there was prejudicial misconduct; (3) if the arbitrator exceeded his powers (i.e., the award was ultra vires); (4) if there

was lack of procedural due process that affected a party's rights; or (5) if there was no agreement to arbitrate, that issue was not determined in a previous judicial proceeding, and the objecting party raised the objection in the arbitration proceedings or did not participate at all. Virginia Code § 8.01–581.010.

*Also see* W. H. Bryson, *Handbook on Virginia Civil Procedure*, pp. 17–21 (1989).

The Ertels' pleading does not ask the court to vacate the award. In fact, counsel for the Ertels expressly disavowed such an approach in oral arguments heard on November 16, 1992. Further, there are no allegations in the Ertels' pleadings setting forth a basis for vacating the award under any of the five subsections of § 8.01–581.010.

On the other hand, Mountain Home Builders has moved the court to vacate paragraphs 3, 4 and 7 of the award on the ground that those provisions exceed the arbitrator's authority. At the hearing on November 16, 1992, counsel for Mountain Home Builders did not pursue that argument; in fact, he asked that the award be confirmed and the Ertels' suit dismissed. In any event, upon a review of the award and the construction contract upon which the award relied, the court is of the opinion that the arbitrator did not exceed his authority.

B. *Confirmation of the Award*

Both parties ask the court to confirm the award. This seems strange in light of the fact that each party also has asked the court to take other action inconsistent with confirmation under § 8.01–581.09. Nevertheless, because the parties have requested it, and the court is of the opinion that it is appropriate to do so, the award of August 6, 1992, as clarified on August 14, 1992, will be confirmed. Further, a decree shall be entered, pursuant to § 8.01–581.012, in conformity with the award.

C. *Additional Relief*

The other relief sought in the pleadings fails to fall within any of the three categories — confirmation, modification or correction, and vacation — explained above. They relate to new controversies between the parties directly associated with performance of the work under the construction contract. Such controversies require arbitration. The fact that some disputes under the contract already have been arbitrated does not vitiate the arbitration provision in the contract, which memorialized the parties' agreement to arbitrate "all disputes hereunder."

## Summary

For the foregoing reasons, the court is of the opinion that neither the Ertel's pleading nor Mountain Home Builders' responsive pleading sets forth a basis upon which this court can vacate the arbitration award or any part of it under § 8.01–581.010; that the Ertel's request for "interpretation" or "clarification" of the award should be addressed again to the arbitrator, not the court, because the basis of such request is not within any of the subsections of § 8.01–581.011 dealing with modifications and corrections of awards; that the other relief sought by the Ertels relates to disputes under the construction contract, which must be submitted to arbitration; and that the award will be confirmed and a decree entered in conformity with its terms. The costs will be assessed against the Ertels, and no attorneys' fees will be awarded to either party.